IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RIDER, | No. CIV S-04-1809-GEB-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| S. KERNAN, | |
|     Respondent. | |
|                               / | |

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are respondent's motion to dismiss (Doc. 9) and petitioner's motion for an order staying and holding the instant petition in abeyance pending exhaustion of state remedies (Doc. 13).

        Initially, the court notes that petitioner failed to serve his September 30, 2005, motion for a "stay and abeyance" order on respondent.  Every document submitted to the court for consideration must be served on respondent.  See Fed. R. Civ. P. 5.  In addition, every document submitted to the court must include a certificate stating the date an accurate copy of the document was mailed to respondents or their attorney and the address to which it was mailed. See Local Rule 5-135(a). Petitioner will be required to serve the September 30, 2005, document

on respondent and to file proof of such service with this court.

As to respondent's motion to dismiss, according to respondent, petitioner's habeas petition raises five claims. Respondent states that petitioner has exhausted his state court remedies with respect to three of the claims, but has failed to exhaust as to the third and fifth claims. Respondent argues that the court should allow petitioner to amend the petition to delete the unexhausted claims or face dismissal of the entire petition. With respect to whether a "stay and abeyance" order would be appropriate in this case, respondent simply states that "[p]etitioner has not demonstrated good cause for his failure to previously exhaust claims three and five in state court," and concludes that a "stay and abeyance" order would not be appropriate in this case. Respondent does not offer any analysis in support of this conclusory statement. In his motion for a "stay and abeyance" order, petitioner ". . . conceds [sic] that his appellate counsel . . . failed to raise ground six of the petition . . . in the California Supreme Court." Of particular note is petitioner's reference to a sixth claim. According to respondent, the instant petition raises five claims, two of which are unexhausted.

In the interest of justice, and for the good of the record, the parties will be required to address this discrepancy. If petitioner complies with this order by serving a copy of his September 30, 2005, motion for a "stay and abeyance" order on respondent and by filing proof of such service with the court, respondent shall file a response to the September 30, 2005, motion. In particular, respondent shall address why a "stay and abeyance" order should not be issued in this case. Petitioner will be given an opportunity to reply.

Petitioner is cautioned that failure to serve the September 30, 2005, motion as directed herein will result in the document being stricken and not considered. In this event, the court will address respondent's motion to dismiss in the absence of any "stay and abeyance" request. In other words, petitioner must comply with this order if he desires the court to consider his request for a "stay and abeyance" order. Additionally, petitioner is warned that failure to comply with this order may result in the dismissal of this action for lack of prosecution and

failure to comply with court rules and orders.  <u>See</u> Local Rule 11-110.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner shall serve a copy of his document entitled "Notice of Abandonment of Unexhausted Claim (Ground Six) and Request for Stay of the Proceedings" on respondent and shall file proof of such service with the court within 20 days of the date of service of this order;

    2. Respondent shall file and serve a response to the above-referenced document within 20 days after service thereof, such response to address, in particular, why a "stay and abeyance" order should not issue in this case; and

    3. Petitioner may file a reply to respondent's response within 10 days after service of the response.

DATED:  December 4, 2005.

                                                                      
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE